UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NATHAN ANDREW BRYANT,

    Plaintiff,

v.

NATIONAL SECURITY AGENCY (NSA),

    Defendant.

Civil No. 10-4788 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## I. BACKGROUND

Plaintiff is attempting to sue the National Security Agency, ("NSA"), an agency of the United States Government. He apparently applied for a job with the NSA, but was not hired. He now claims that the NSA has mounted a vindictive campaign against him, which is intended to torture him, harass him, and alienate him from his family and friends.

Plaintiff alleges that the NSA has co-opted the Federal Bureau of Investigation, ("FBI"), and the Central Intelligence Agency, ("CIA"), to join the effort to intimidate him

and harm him. (Complaint, [Docket No. 1], p. 12.) According to the complaint, the director of the FBI called Plaintiff and told him that the FBI wants him to die. (Id.) The CIA allegedly has attempted to enroll Plaintiff in a "psycho-therapy" program.

Plaintiff further alleges that both the NSA and the FBI have utilized an "analog signal to make sounds in the plaintiff's throat when the plaintiff swallows or while conducting any other bodily function." (Id., p. 15.) It is also alleged that "the NSA is torturing the plaintiff with snaps periodically in the plaintiff's ears, mouth and throat." (Id., p. 11.) Plaintiff allegedly wants to flee to Germany in order to "escape NSA persecution," (id., p. 12), but his efforts to emigrate have been stymied.

Plaintiff is seeking a judgment against the NSA for $20,000,000.00.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous, or if the plaintiff is seeking relief from a party who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

A pleading is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, Plaintiff claims that multiple government agencies are invading his body with "analog signals" as part of their systematic crusade to torture him. These claims exemplify the delusional nature of Plaintiff's complaint. The Court finds that the complaint clearly does "rise to the level of the irrational." The complaint is therefore legally "frivolous," and subject to summary dismissal pursuant § 1915(e)(2)(B)(i).

The Court further finds that Plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B)(iii), because the only named Defendant, NSA, is immune from suit under the doctrine of sovereign immunity. Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991). See also Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), ("[t]he United States and its agencies are not proper defendants because of sovereign immunity"), cert. denied, 459 U.S. 1210 (1983). Under the doctrine of sovereign immunity, the United States and its agencies can be sued only if, and to the extent that, the protections of sovereign immunity have been formally waived. Manypenny, 948 F.2d at 1063. Moreover, any such waiver of immunity must be "expressed unequivocally" by Congress. Id.

Plaintiff has not shown that the federal government has waived its immunity from the claims he is attempting to assert against the named Defendant. Plaintiff has not cited, (nor is the Court independently aware of), any express congressional authorization for the lawsuit that Plaintiff is attempting to bring here. Therefore, this action is barred by the doctrine of sovereign immunity.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that this action must be summarily dismissed pursuant to § 1915(e)(2)(B)(i), because it is frivolous, and it must

also be dismissed pursuant to § 1915(e)(2)(B)(iii), because the only named Defendant is immune from suit.

Because Plaintiff has not pleaded a viable claim for relief, his IFP application, and his motion for a jury trial, (Docket No. 3), should be summarily denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for a jury trial, (Docket No. 3), be **DENIED**; and

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).


Dated: December 9, 2010
    s/ *Jeanne J. Graham*
    JEANNE J. GRAHAM
    United States Magistrate Judge


### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 27, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.